### MAGGIE ISHAM v. GEO. H. MATCHETT.

1. BUILDING RESTRICTIONS APPLY TO ALL BUILDINGS FRONTING OR SO NEAR AS TO FRONT UPON THE STREET.

    A restriction in a deed of a city lot, providing that there shall be no buildings erected on the property costing less than a certain sum, applies to all buildings which will front on a street or will come so near the street as to constitute a building upon the street.

2. RULE MAY BE APPLIED TO BUILDINGS ON THE REAR OF ADJOINING LOT.

    This rule may be applied by the owner of a lot fronting on one street against the erection of a building on a corner lot fronting on an intersecting street, notwithstanding the proposed building or barn is erected or to be erected on the rear of the corner lot.

3. INJUNCTION LIES AT SUIT OF ADJOINING PROPERTY OWNER.

    An injunction will lie at the suit of an adjoining property owner to prevent the erection of a building in violation of such restriction.

4. SUCH OWNER IS NOT ESTOPPED BY PERMITTING BUILDING TO BE ERECTED— COURT DIRECTS ITS REMOVAL.

    Such property owner is not estopped by having permitted the building to be erected and partially completed; the court, in such case, will direct its removal.

5. CHANGE FROM BARN TO DWELLING DOES NOT RELIEVE FROM THE RULE.

    Nor will it avail to change the building, thus partially completed, from a barn into a dwelling, where the cost thereof will be less than the sum named in the restriction.

APPEAL from the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

This is a suit brought by the plaintiff to enjoin the defendant from erecting a barn on lot No. 23 of Newcomb's allotment in this city.

There is an allotment of Newcomb's made in 1892, extending from Quincy street on the south to Central avenue on the north. Newcomb had an allotment already made in 1890, possibly 1891, from Central avenue north to Cedar avenue; through the allotment made in 1892, as well as through the allotment made in 1890, extends Alanson s reet, from Quincy street to Cedar avenue.

The lots in the allotment made in 1892 are numbered from No. 1 to No. 45, both inclusive.

The lot on which defendants are erecting a barn is No. 23, and is at the north-east corner of Quincy and Alanson streets, and fronts on Quincy street.

The plaintiff's lot is No. 21; that fronts on Alanson street, and is immediately north of the lot of the defendant.

The defendant's lot, No. 23, has a frontage of forty-six feet, and extends along Alanson street one hundred and twenty feet. The defendant Matchett has already erected on this lot No. 23 a business building which comes up to both Quincy and Alanson streets, right at the corner. Now he seeks to construct, on what is the back end of his lot, this barn, a building which will cost from $500 to $800, as the agreed statement of facts shows.

The title to the plaintiff's lot was derived directly from Newcomb, and the title of the defendant to his lot is from Newcomb, with intermediate conveyances.

There is a restriction in the deed to the plaintiff's lot, as well as to the other lots fronting on the east side of Alanson street, in these words:

"It is a special condition of this deed that there shall be no buildings erected on the property herein conveyed, on less than eighteen-foot studding, and costing less than $1,500. Further, there shall be no saloon or saloons for the sale of liquors placed upon the premises herein conveyed, by the said grantees, their heirs or assigns, and is made for the mutual interest of the parties hereto."

That restriction is in the deed to the plaintiff, together with another restriction, and that is, that no buildings shall be erected within less than twenty-feet of Alanson street; and that restriction is in the deeds of the other lots on the east side of Alanson street except the corner lots, that is, the lot at the corner of Central avenue and Alanson street. There is no such restriction as to that corner lot, and, evidently, with the idea that business buildings would be very likely to be erected on those corners. Evidently, one would not want a lot fronting on another street with a restriction against any buildings within twenty feet of Alanson street.

But, as has already been said, there is no such restriction as to lot No. 23; but there is a restriction in that deed that a building shall not be erected thereon costing for less than $1,500.

It is claimed that these restrictions were put in only for the benefit of the parties here alloting.

We are not prepared to say that no building shall be erected to cost less than $1,500; that would prevent the erection of out-buildings at a proper place on the lot. But it does seem to us fair to construe these restrictions, without citing authorities, as made for the benefit of the other grantees as well as for Newcomb, that there shall be nothing placed on this lot No. 23, that shall be either fronting on Alanson street or come so near Alanson street as to be a building on that street, at a cost of less than $1,500.

If a barn was erected there, we are doubtful if we could enjoin, if complying with the restrictions. But here is a barn being erected within seventeen feet of the street—three feet in front of the front line of the plaintiff's house—she being restricted to within twenty feet—and there is an arrangement made for the deposit of the filth of the barn at the front of it.

However, without discussing it further, we hold that she would have a right, under the restrictions, to prevent the erection of that building. And an order will be entered enjoining the construction of that building.

Mr. Hills: What about the building already erected, and with the roof on? This plaintiff has stood by and permitted us to go on that far.

Marvin, J.: That building must not stand; even if converted into a dwelling house, it would be objectionable because only costing $500 or $600, instead of $1,500.

*W. C. Rogers*, for plaintiff.

*Gilbert & Hills*, for defendant.